## Alva J. Hendricks, Appellee, v. William F. Roley, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Shelby county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 16, 1913. Rehearing denied and modified opinion refiled November 6, 1913.

### Statement of the Case.

Action by Alva J. Hendricks against William F. Roley to recover $500 designated as liquidated damages due, and the value of certain personal property turned over to defendant under a written contract between plaintiff and defendant for the exchange of real and personal property. From a judgment in favor of plaintiff for $940, defendant appeals.

U. G. WARD and WILLIAM H. CRAIG, for appellant.

RICHARDSON & WHITAKER, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

## Abstract of the Decision.

1. EXCHANGE OF PROPERTY, § 1*—*when party receiving part of property not entitled to its retention for failure of other party to comply with contract.* Where a party to a contract for the exchange of real estate and personal property receives from the other party personal property as part payment of the purchase price, he cannot retain the same for failure of such other party to further comply with the contract, where he himself fails to comply with the terms of the contract in furnishing sufficient abstracts of title, in failing to make and deliver a sufficient deed and in being unable to deliver immediate possession.

2. EXCHANGE OF PROPERTY, § 1*—*when party in default under contract to give immediate possession.* Where a party in a contract for the exchange of lands reserves all growing crops and agrees to give immediate possession, he fails to comply with his contract to give immediate possession where his tenant is in possession under an unexpired lease. In such case the provision reserving the growing crops does not annul the other provision for immediate possession.

3. EXCHANGE OF PROPERTY, § 1*—*when party to contract not in default for failure to give possession.* Under a contract for the exchange of land and personal property, one party cannot claim that the other failed to give him possession of the land where the evidence shows that personal property had been delivered to him as part of the purchase price and the other party had asked leave to permit his stock to remain in the pasture.

4. EXCHANGE OF PROPERTY, § 1*—*when agreement is to convey subject to incumbrance.* Where a party to a contract for the exchange of lands agrees to convey his "land incumbered to the extent of $8,000, plus interest from Jan. 10, 1910, on the $8,000," the agreement when construed in connection with the evidence, *held* to mean that the conveyance was to be subject to the incumbrance.

5. TROVER AND CONVERSION, § 45*—*when verdict not excessive.* In an action to recover liquidated damages and the value of personal property delivered to defendant as part of purchase price, *held*, that defendant was liable for the value of the property retained and converted to his use, and a verdict in favor of plaintiff for $940 sustained as not excessive.

6. CROPS, § 3*—*effect of provision in contract reserving right to growing crops.* A clause in a contract for the exchange of lands, reserving to one party the right to growing crops and also providing to give to the other party immediate possession, gives to the former the right to ingress and egress to look after, harvest and remove such crops and to the latter the right to immediate possession of all other portions of the farm.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

7. CONTRACTS, § 172*—*construction of antagonistic clauses.* When two clauses in a contract are antagonistic in part only, they should be enforced in such parts as are not in conflict.